UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

**Berna E. Parker and Beverly D. Wall**

    **Plaintiffs,**

v.

**Randy Lee Morton, Georgia Farm Bureau Mutual Insurance Company and State Farm Mutual Automobile Insurance Company**

    **Defendants.**

CIVIL ACTION NO:
_____

JURY TRIAL REQUESTED

# COMPLAINT

Come now the Plaintiffs, BERNA E. PARKER and BEVERLY D. WALL, by and through undersigned counsel, and bring this action against the Defendants, RANDY LEE MORTON, GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as follows:

### I.  JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. §1332, the parties being diverse of citizenship and the amount in controversy being greater than $75,000.00, exclusive of interest and costs.

### II.  PARTIES

1. The Plaintiff, BERNA E. PARKER, is a person of the full age of majority and a resident of Dawson, Georgia;

2. The Plaintiff, BEVERLY D. WALL, is a person of the full age of majority and a resident of Savannah, Georgia;

3. Defendant, RANDY LEE MORTON, is a person of the full age of majority and a resident of 36535 Highway TT, Nelson, Missouri 65347;

4. Defendant, GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY, is a Georgia insurance company, not authorized to do business in the State of Alabama who, at all times material herein, was the uninsured motorist carrier who provided coverage to Plaintiff, Berna E. Parker, through uninsured/underinsured Policy Number PPA36752144-4, and who has appointed as its agent for service of process, Mr. William M. Cook, 1620 Bass Road, Macon, Georgia, 31210;

5. Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is a foreign insurance company, authorized to do and doing business in the State of Alabama who, at all times material herein, has appointed as its agent for service of process, Corporation Service Company, Inc., 641 South Lawrence Street, Montgomery, Alabama 36104, and who, on the date of the subject accident, was the uninsured motorist carrier for Plaintiff, Beverly D. Wall, providing uninsured/underinsured coverage through Policy Number 281 3283-D18-11E.

### III. FACTS OF THE CASUALTY

1. The Plaintiffs, Berna E. Parker and Beverly D. Wall, aver that, on or about May 21, 2016, the Defendant, Randy Lee Morton, negligently operated a motor vehicle which he owned, traveling west on Conti Street, in Mobile, Mobile County, Alabama, when he ran a stop sign, causing his vehicle to collide with the vehicle being driven by Plaintiff, Berna E. Parker, and occupied by Plaintiff, Beverly D. Wall.

2. As a proximate result of the negligent conduct of the Defendant, as aforesaid, the

Plaintiff, Berna E. Parker, was caused to suffer severe injuries that Defendants, combined and concurred, caused as follows, including, but not limited to:

    (a)    T6 spinous process fracture;

    (b)    Bilateral pulmonary contusions;

    (c)    Pulmonary nodule;

    (d)    Retrosternal hematoma;

    (e)    Aggravation of a left knee replacement;

    (f)    Hip pain;

    (g)    Back pain;

    (h)    Neck pain;

    (i)    Chest wall pain;

    (j)    Any other injuries to be proven at trial.

3. As a proximate result of the negligent conduct of the Defendant, as aforesaid, the Plaintiff, Beverly D. Wall, was caused to suffer severe injuries that Defendants, combined and concurred, caused as follows, including, but not limited to:

    (a)    Left ulna fracture requiring surgery;

    (b)    Pulmonary nodule;

    (c)    Spinous process fracture at C4-C5; and

    (d)    Left flank contusion;

    (e)    Neck pain;

    (f)    Back pain;

    (g)    Left wrist pain;

    (h)    Right leg pain;

(i) Loss of consciousness;

(j) Any other injuries to be proven at trial.

## IV.     COMPENSATORY DAMAGES

4. A proximate cause of the injuries of Plaintiffs was the negligence of Defendant, Randy Lee Morton, in the following, non-exclusive particulars:

(a) Failing to keep his vehicle under control;

(b) Driving in a hazardous and dangerous manner;

(c) Failing to see what he should have seen;

(d) Failure to drive in a careful manner;

(e) Failure to invoke the last clear chance to avoid an accident;

(f) Operating his vehicle in a careless manner;

(g) Failing to stop at a stop sign;

(h) Other acts of negligence that will be shown at the trial of this matter.

## V.     COMPENSATORY DAMAGES

5. Plaintiffs in no way caused or contributed to their injuries. As a result of the negligence of Defendant Randy Lee Morton, Berna E. Parker and Beverly D. Wall each have and will sustain the following damages, for which he is liable:

(a) Past, present, and future medical expenses for the treatment of their injuries;

(b) Past, present, and future physical pain and suffering;

  (c)  Past, present, and future emotional distress and mental anguish; and

  (d)  Loss of enjoyment of life.

## VI. UNINSURED/UNDERINSURED MOTORIST BENEFITS CONTRACT BERNA E. PARKER

  6. On or about the date of this collision, the Plaintiff, Berna E. Parker, was the driver of an automobile when an uninsured or underinsured motorist, within the meaning of the laws of the State of Alabama, ran a stop sign and wantonly caused or allowed his vehicle to collide with the vehicle in which the Plaintiff was operating.

  7. At the times and places material to the accident made the basis of this suit, the Plaintiff, Berna E. Parker, was an insured under the terms and provisions of a policy or policies of insurance issued by the Defendant, Georgia Farm Bureau Mutual Insurance Company, Policy Number PPA3675214-4.

  8. The Plaintiff, Berna E. Parker, further alleges that, at the times and places set forth herein, the said policy of insurance was in full force and effect and, under the terms and provisions of the subject policy or policies of insurance, the Defendant, Georgia Farm Bureau Mutual Insurance Company, agreed to pay all sums which the Plaintiff would be legally entitled to recover as damages from the owner or operator of any uninsured/underinsured motor vehicle.

  9. Defendant, Georgia Farm Bureau Mutual Insurance Company, has been put on notice of this underinsured Defendant and that, as the uninsured motorist carrier for the driver of the vehicle, Berna E. Parker, may become liable for the injuries sustained by their insured, as well as the occupant in her vehicle, Beverly D. Wall.

### VII.    UNINSURED/UNDERINSURED MOTORIST BENEFITS CONTRACT
### BEVERLY D. WALL

10.    On or about the date of this collision, the Plaintiff, Beverly D. Wall, was the passenger of an automobile when an uninsured or underinsured motorist, within the meaning of the laws of the State of Alabama, ran a stop sign and wantonly caused or allowed his vehicle to collide with the vehicle in which the Plaintiff was a passenger.

11.    At the times and places material to the accident made the basis of this suit, the Plaintiff, Beverly D. Wall, was an insured under the terms and provisions of a policy or policies of insurance issued by the Defendant, State Farm Mutual Automobile Insurance Company.  Such policy of insurance provided, among other coverages, uninsured and underinsured motorist coverage and benefits through Policy Number 281 3283-D18-11E.

12.    The Plaintiff, Beverly D. Wall, further alleges that, at the times and places set forth herein, the said policy of insurance was in full force and effect and, under the terms and provisions of the subject policy or policies of insurance, the Defendant, State Farm Mutual Automobile Insurance Company, agreed to pay all sums which the Plaintiff would be legally entitled to recover as damages from the owner or operator of any uninsured/underinsured motor vehicle.

### VII.    PRIMARY INSURANCE CARRIER

13.    The Plaintiffs, Berna E. Parker and Beverly D. Wall, further allege that they made demand upon the Defendant, Randy Lee Morton, through his liability insurance carrier, Shelter Mutual Insurance Company, to pay insurance benefits to which they are entitled under the terms and provisions of his liability insurance policy and said Defendant has failed and/or refused to do so.

## VIII. REQUEST FOR JURY TRIAL

14. Plaintiffs respectfully request a trial by jury.

## IX. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, Berna E. Parker and Beverly D. Wall, pray that after due proceedings are had, there be judgment herein in their favor and against the Defendants, Randy Lee Morton, Georgia Farm Bureau Mutual Insurance Company and State Farm Mutual Automobile Insurance Company, for all relief under these premises, including compensatory damages, in a reasonable amount to compensate the Plaintiffs, with pre-judgment and post-judgment judicial and legal interest as allowed by law, until paid, on damages awarded that allow such, for all costs of these proceedings, and for a trial by jury.

RESPECTFULLY SUBMITTED THIS 18TH DAY OF MAY, 2018

s/Neil C. Johnston, Jr.
NEIL C. JOHNSTON, JR.
Fed. Bar No. (SDAL) Johnn0326
MARYANNA PENTON HOLLEY, appearing herein *pro hac vice*, pending (LA Bar Roll Number 32920)
RONNIE G. PENTON, appearing herein *pro hac vice*, pending (LA BAR Roll Number 10462)

NEIL C. JOHNSTON JR.
LAW OFFICE OF NEIL C. JOHNSTON JR., LLC
205 N. CONCEPTION ST.
MOBILE, AL 36603
TELEPHONE: (251) 709-8251
FACSIMILE: (251) 725-9732
NeilCJohnston@ncjlawoffice.com

MARYANNA PENTON HOLLEY
RONNIE G. PENTON
THE PENTON LAW FIRM
503 GEORGIA AVENUE
BOGALUSA, LOUISIANA 70427
TELEPHONE: 985-732-5651
TELECOPIER: 985-735-5579
E-MAIL:
fedcourtmail@thepentonlawfirm.com

*Attorneys For Plaintiffs*