# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BERNA E. PARKER,** *et al.*, | ) |
| Plaintiffs, | ) |
| vs. | ) Civil Action No. 18-00234-KD-B |
| **RANDY LEE MORTON,** | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Georgia Farm Bureau Mutual Insurance Company ("Georgia Farm") and State Farm Mutual Automobile Insurance Company's ("State Farm") Motions to Intervene. (Docs. 41 & 44). Plaintiffs Berna Parker and Beverly Wall ("Plaintiffs") have responded to the motions, and they have no objections to either motions to intervene. (Docs. 41 & 44).

Diversity jurisdiction (28 U.S.C. § 1332) is the basis for this case's federal jurisdiction.[1] However, Plaintiffs and Georgia Farm are not diverse because, for purposes of diversity jurisdiction analysis, both Plaintiffs and Georgia Farm are citizens of Georgia.[2] As the Court will explain, Georgia Farm's Motion to Intervene will be denied because its intervention would destroy diversity jurisdiction. State Farm's Motion to Intervene will be granted if and when State Farm complies with Federal Rule of Civil Procedure 24(c), which requires the motion be "accompanied by a pleading that sets out the claim or defense for which intervention is sought."

---

[1] Because this is a diversity case, Alabama substantive law applies. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).
[2] State Farm and Plaintiffs are, however, citizens of different states for the purposes of diversity jurisdiction analysis.

## I. PROCEDURAL BACKGROUND

Plaintiffs allege Defendant Randy Lee Morton negligently operated a motor vehicle and collided with Plaintiffs on or about May 21, 2016. (Doc. 1). Plaintiffs allege a negligence claim against the Defendant. Plaintiffs filed a complaint in federal court on May 18, 2018. In that first complaint, Plaintiffs sued (1) Randy Lee Morton; (2) Georgia Farm; and (3) State Farm. (Id.). Plaintiffs alleged diversity jurisdiction was present. (Id.).

Plaintiffs later moved to dismiss Georgia Farm and State Farm without prejudice. (Doc. 29). In that motion, Plaintiffs noted that the Magistrate Judge had expressed concerns regarding the parties' lack of diversity and ordered Plaintiffs to show cause why the case should not be dismissed for lack of jurisdiction. (Id. at 1). Instead of filing a show cause response, Plaintiffs moved for leave to dismiss Georgia Farm and State Farm. Plaintiffs noted that Georgia Farm is a "nondiverse [d]efendant." (Id.). They further requested that State Farm be dismissed because State Farm is Wall's excess underinsured motorist insurance carrier. Plaintiffs stated that "State Farm is not responsible for the payment of any damages until the Georgia Farm . . . policy is exhausted." (Id. at 2). At the same time, Plaintiffs submitted a memorandum in support of their motion to dismiss.

The memorandum Plaintiffs submitted acknowledged "[c]omplete diversity of citizenship [was] lacking as both Plaintiffs and one (1) Defendant, Georgia Farm Bureau, are citizens of the State of Georgia . . . ." (Doc. 30 at 2). Nevertheless, Plaintiffs argued that this problem could be remedied. Plaintiffs argued that, "It is well settled that a jurisdictional defect may be 'cured by the dismissal of the party that . . . destroyed diversity.'" Landmark Equity Fund II, LLC v. Residential Fund 76, LLC, 631 F. App'x 882, 884 (11th Cir. 2015) (quoting Grupo

2

Dataflux v. Atlas Glob. Grp., LP, 541 U.S. 567, 572 (2004). However, Plaintiffs noted that before dismissing the nondiverse party, courts must determine whether the party to be dismissed is dispensable. If the nondiverse party is dispensable, "the court may dismiss that party and the claims against it, and retain jurisdiction over any remaining diverse parties." Landmark Equity Fund II, LLC, 631 F. App'x at 884–85.

The Magistrate Judge entered a Report and Recommendation recommending Plaintiffs' motion be granted. (Doc. 35). The Report and Recommendation found that because Alabama law does not require an uninsured/underinsured motorist carrier be joined in the insured's primary case against an alleged tortfeasor, Georgia Farm and State Farm were not required parties under FED. R. CIV. P. 19(a). (Id. at 6). It additionally found that even if Georgia Farm and State farm were required parties, their presence was dispensable. The Report and Recommendation observed that if Georgia Farm was not dismissed, Plaintiffs' would have no available remedy because the two-year statute of limitations has expired on their tort claims. (Id. at 7). Accordingly, the Report and Recommendation concluded that FED. R. CIV. P. 19(b)'s factors strongly favored Georgia Farm and State Farm's dismissal. (Id. at 8).

Notably, Georgia Farm did not object to the Report and Recommendation. Instead, it merely responded to the Report and Recommendation. (Doc. 36). It stated that it had no position on Plaintiffs' motion because, in Georgia Farm's view, Georgia Farm still had the right to subsequently intervene. (Id. at 1). It stated that if the Court granted Plaintiffs' motion, it would "intervene back into this litigation." (Id.). Specifically, Georgia Farm "believes that it is consistent with Alabama law for an underinsured carrier to have limited participation at the outset of any such litigation to adequately determine if it is appropriate to 'opt out' and that such determination cannot be made until some initial discovery takes place." (Id. at 4).

3

This Court adopted the Magistrate Judge's Report and Recommendation and granted Plaintiffs' motion for voluntary dismissal without prejudice. (Doc. 37). In the Order, the Court noted that "should Defendant successfully intervene, the issue of diversity will have to be revisited." (Id. at 1 n.1). It is now time to revisit diversity.

## II. DISCUSSION

Although neither Georgia Farm nor State Farm identifies whether intervention is sought as a matter of right, pursuant to Rule 24(a), or instead permissively, pursuant to Rule 24(b), the Court presumes they intend to intervene permissively. This assumption is based on two facts. First, Georgia Farm and State Farm make no argument that their interest is not adequately represented by the existing defendant. And this Court will not make the argument for them. See Davis v. Butts, 290 F.3d 1297, 1300 (11th Cir. 2002) (holding that to intervene as a matter of right, a party must establish that "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.") (quoting Purcell v. BankAtlantic Fin. Corp., 85 F.3d 1508, 1512 (11th Cir.1996)). Second, neither Georgia Farm nor State Farm objected to the Magistrate Judge's conclusion that they are not required parties under Rule 19(a). And since Rule 19(a)(1)(B) mirrors Rule 24(a)(2), if Georgia Farm and State Farm are not required parties, they do not have a right to intervene.

A partying seeking to permissively intervene need only show that it "has a claim or defense that shares with the main action a common question of law or fact . . . ." FED. R. CIV. P. 24(b)(1)(B). Generally, two elements must be addressed: Whether "(1) the application to

4

intervene was timely; and (2) [whether] the intervenor's claim or defense and the main action have a question of law or fact in common." Purcell, 85 F.3d at 1513 (bracketed text added).

The Court addresses the motions separately given each motion's jurisdictional implications.

### a. Georgia Farm's Motion

Georgia Farm seeks to "intervene in this matter for the limited purpose of participating in the initial discovery of this litigation so it can determine, through the discovery process, whether it would be in its best interest to opt out or remain in the litigation." (Doc. 41 at 1). Georgia Farm is a Georgia corporation. (Doc. 9 at 1-2.) Plaintiffs are citizens of Georgia. (Doc. 39 at 1). Therefore, Plaintiffs and Georgia Farm are not diverse.

Federal courts are courts of limited jurisdiction. As a result of this limitation, federal district courts have the power and "obligation at any time to inquire into jurisdiction[.]" Am. Civil Liberties Union of Florida, Inc. v. City of Sarasota, 859 F.3d 1337, 1340 (11th Cir. 2017) (quoting Fitzgerald v. Seaboard Sys. R.R., 760 F.2d 1249, 1251 (11th Cir. 1985)). And once a court concludes it lacks subject matter jurisdiction, "the court is powerless to continue." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). This obligation extends to considering the citizenship of the parties seeking to intervene. Harris v. Amoco Prod. Co., 768 F.2d 669, 675 (5th Cir. 1985) ("It is well-established, for example, that a party must have "independent jurisdictional grounds" to intervene permissively under Rule 24(b)."); Lincoln Gen. Ins. Co. v. Aisha's Learning Ctr., 2004 WL 2533575, at *4 (N.D. Tex. Nov. 9, 2004) ("[T]o permissively intervene under Rule 24(b), an independent jurisdictional basis must be established[.]"); Sunpoint Sec., Inc. v. Porta, 192 F.R.D. 716, 718–19 (M.D. Fla. 2000) ("Motions to intervene require an independent basis for subject matter jurisdiction."); 13B

Wright et al., Federal Practice and Procedure § 3608 (2nd ed. 1984) ("permissive intervenors under Rule 24(b) are required to meet jurisdictional requirements so that the existence of diversity must be redetermined at the time intervention is requested.").

When a putative intervenor's presence would destroy diversity jurisdiction, many courts, including this one, have denied the motion to intervene. See e.g., Coltin Elec., Inc. v. Cont'l Cas. Co., 2013 WL 1150920, at *3 (S.D. Ala. Mar. 19, 2013) (DuBose, J.) (denying motion to intervene as a defendant because plaintiff could not bring any claims against intervening defendant because it would destroy diversity jurisdiction); Sunpoint Sec., Inc., 192 F.R.D. at 718–19 (denying motion to intervene because the intervenor lacked both diversity and federal question jurisdiction and its nondiverse presence was based solely on diversity).

Georgia Farm argues its citizenship may be disregarded because it is a nominal party participating in the case consistent with Alabama law. (Doc. 36 at 3–4); accord Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460–61 (1980) (instructing that for purposes of diversity jurisdiction "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy").

"Under Alabama's uninsured motorist statute, in order for an insured to be entitled to UIM benefits, the insured must be "legally entitled to recover" from the owner or driver of the underinsured vehicle." Smith v. Nationwide Mutual Insurance Company, 2018 WL 4635740, at *4 (N.D. Ala. 2018) (citing Ala. Code § 32-7-23). The Alabama Supreme Court, in Lowe v. Nationwide Ins. Co., 521 So.2d 1309 (Ala. 1988), explained the process to protect the carrier and insured's rights and to stave off evidence of insurance from the jury. There it held,

> [a] plaintiff is allowed *either* to join as a party defendant his own liability insurer in a suit against the underinsured motorist *or* merely to give it notice of the filing of the action against the motorist and of the possibility of a claim under the underinsured motorist coverage at the conclusion of the trial. If the insurer is named

as a party, it would have the right, within a reasonable time after service of process, to elect *either* to participate in the trial (in which case its identity and the reason for its being involved are proper information for the jury), *or* not to participate in the trial (in which case no mention of it or its potential involvement is permitted by the trial court). Under either election, the insurer would be bound by the factfinder's decisions on the issues of liability and damages. If the insurer is not joined but merely is given notice of the filing of the action, it can decide *either* to intervene *or* to stay out of the case. The results of either choice parallel those set out above—where the insurer *is* joined as a party defendant.

Id. 1310 (emphasis in original). As a result, under Alabama law, a carrier is allowed to intervene.

For Georgia Farm's proposition that it should be considered a nominal party, it cites Broyles v. Bayless, 878 F.2d 1400 (11th Cir. 1989), and Toole v. Chupp, 456 F. Supp. 2d 1218 (M.D. Ala. 2006). In both cases, the courts ignored the nondiverse carrier's citizenship. Both are distinguishable from the present case. In Broyles, the Eleventh Circuit addressed Tennessee's underlying uninsured motorist carrier law, which, "in contrast to Alabama liability insurance law, Tennessee liability insurance law does not give the insurer the option to opt out." Summerlin v. Nelson, 2017 WL 2177361, at *5 n.7 (M.D. Ala. Apr. 21, 2017), report and recommendation adopted, 2017 WL 2177337 (M.D. Ala. May 17, 2017). And in Toole, the Court noted that the insurance company had "opted out" of the litigation. Toole, 456 F. Supp. 2d at 1221 ("Now that ALFA has opted out (and even has made explicit in its notice of opt out that it "agrees to be bound by the verdict of the jury and agrees to pay any judgement in accordance with its policy of insurance"), the Tooles and ALFA simply have no dispute between them at this time.").

Unlike in Toole, a case in which the carrier had opted out, here, Georgia Farm has decidedly not opted out of the litigation. It previously answered Plaintiffs' complaint, and it also intends to propound discovery. The circumstances of its presence therefore more closely resemble the carrier's position in Summerlin, 2017 WL 2177361, at *4. In Summerlin, the court did not consider the carrier a nominal party because it had not filed a notice with court stating it

7

intended to opt out, because it had not indicated it would forgo participation, and because it had answered the complaint in state court and federal court. Id. ("Defendant ALFA's participation in the proceedings, coupled with the fact that it has yet to opt out, suggests to the undersigned that Defendant ALFA is more than a nominal party in the litigation at this time."). This decision stood in contrast to other Middle District of Alabama cases that determined a nondiverse party was nominal and ignored its citizenship where the carrier had opted out. See Oliver v. Rodriguez, 2008 WL 928328, at *2 (M.D. Ala. Apr. 4, 2008).

For the foregoing reasons, Georgia Farm's motion is **DENIED**.

   **b. State Farm's Motion**

State Farm states that is has a financial stake and/or interest in the outcome of this litigation, and that if it was not allowed to have limited intervention, it could impair State Farm's ability to protect its interest. (Doc. 44 at 4). State Farm's motion to intervene does not pose a jurisdiction challenge.

State Farm's motion to intervene is timely because there has been no undue delay and any delay in its motion will not prejudice the existing parties. Its defense also has questions of law or fact in common with the main action. The Court will therefore, in its discretion, permit State Farm to intervene.

Federal Rule of Civil Procedure 24(c) requires that any motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." State Farm's motion was not accompanied by a pleading. In some instances, this procedural defect has resulted in the motion to intervene being denied. See e.g., Dillard v. City of Foley, 166 F.R.D. 503, 506 (M.D. Ala. 1996) (Thompson, J.) (denying motion to intervene as procedurally defective because "Rule 24(c) requires that a motion to intervene be accompanied by a pleading

setting forth the claim for which intervention is sought."). Notwithstanding its plain meaning, "Judicial interpretation of this rule has been liberal and the courts have held that the proper approach to the rule is to disregard non-prejudicial defects." WJA Realty Ltd. P'ship v. Nelson, 708 F. Supp. 1268, 1272 (S.D. Fla. 1989). See also Loyd v. Alabama Dep't of Corr., 176 F.3d 1336, 1341 (11th Cir. 1999) ("[W]e have also held that we will "disregard nonprejudicial technical defects" in complying with Rule 24(c).") (citing Piambino v. Bailey, 757 F.2d 1112, 1121 (11th Cir. 1985)).[3]

Although State Farm's motion includes sufficient information to explain its motivations to intervene, it should rectify the procedural defect by promptly filing a pleading. See WJA Realty Ltd. P'ship v. Nelson, 708 F. Supp. 1268, 1272 (S.D. Fla. 1989) ("Failure to file an accompanying pleading, however, may be rectified by the later filing of such a pleading."). State Farm shall file its required pleading on or before **Friday, April 24, 2019**.

## III. CONCLUSION

Because Georgia Farm's intervention would destroy diversity jurisdiction, its motion to intervene (Doc. 41) is **DENIED**. State Farm's motion to intervene (Doc. 44) is **GRANTED**, presuming it timely files a pleading that sets out the claim or defense for which intervention is sought.

**DONE** and **ORDERED** this the 16th day of April 2019.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[3] "Some courts of appeals have denied intervention to movants who have failed strictly to heed the requirements of Rule 24(c), see, e.g., Abramson v. Pennwood Investment Corp., 392 F.2d 759, 761–62 (2d Cir. 1968), but the majority of circuits, including this circuit, has not, choosing instead to disregard nonprejudicial technical defects." Piambino, 757 F.2d at 1121.