IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BERNA E. PARKER and BEVERLY D. WALL, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Civil Action No. 18-00234-KD-B ) |
| RANDY LEE MORTON, | ) ) |
| Defendant. | ) ) |

**ORDER**

This action is before the Court on Plaintiffs Berna E. Parker's and Beverly D. Wall's Motion for Payment of Taxable Costs, Memorandum in Support, Bill of Costs, Exhibits A through O, and Counsel's Declaration in Support of Bill of Costs (doc. 113); Defendant Randy Lee Morton's response in opposition (doc. 114); and Plaintiffs' reply (doc. 115). Upon consideration, and for the reasons set forth herein, Plaintiffs' Motion is GRANTED in part and DENIED in part.

Plaintiffs move pursuant to Fed. R. Civ. P. 54 and 28 U.S.C. § 1920 for taxation of costs in the total amount of $15,938.25 (doc. 113-1, doc. 113-2, p. 8). Plaintiffs argue that the costs set forth in the Bill of Costs are correct and necessarily incurred in the case (doc. 113-1). Rule 54 of the Federal Rules of Civil Procedure provides, in relevant part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Title 28 U.S.C. § 1920 lists the costs which the Court or the Clerk may tax. Specifically,

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C.A. § 1920.

"The party seeking an award of costs must submit a request that enables the court to determine the party's entitlement to those costs." Zainulabeddin v. University of South Fla. Bd. of Trustees, 749 Fed. Appx. 776, 787 (11th Cir. 2018) (citing Loranger v. Stierheim, 10 F.3d 776, 784 (11th Cir. 1994)). "[A]bsent explicit statutory authorization, courts are limited to the costs enumerated in 28 U.S.C. § 1920." Computer Program & Sys. Inc. v. Wazu Holdings, Ltd., No. CV 15-00405-KD-N, 2019 WL 1119352, at *1 (S.D. Ala. Mar. 11, 2019) (citing Crawford Fitting Co. v. J.T. Gibbins, Inc., 482 U.S. 437, 445 (1987)); Glenn v. General Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988) (same).

I. Fees of the clerk and marshal.

Pursuant to 28 U.S.C. § 1920(1), the court or the clerk may tax the fees of the clerk and marshal. Plaintiffs seek costs for the $400.00 filing fee and $165.00 for fees incurred pursuant to counsels' *pro hac vice* admission for a total of $565.00 (doc. 113-2, p. 2-3; doc. 113-7). The filing fee is an allowable cost. However, *pro hac vice* fees are not. See Nail v. Shipp, 2020 WL 1670459, at *11 (S.D. Ala. Apr. 3, 2020) (collecting cases and citing Eagle Ins. Co. v. Johnson, 982 F. Supp. 1456, 1459-1460 (M.D. Ala. 1997), aff'd 162 F.3d 98 (11th Cir. 1998)). Accordingly, costs are taxed in the amount of $400.00.

Costs may be taxed for a private process server's fee but should not exceed the statutory maximum authorized for service by the U.S. Marshals Service. United States E.E.O.C. v. W&O,

Inc., 213 F.3d 600, 623-624 (11th Cir. 2000). The U.S. Marshals Service may charge $65.00 per hour for each item served, plus travel costs and other out-of-pocket expenses. 28 U.S.C. § 1921(b); 28 C.F.R. § 0.114(a)(3).

Plaintiffs seek costs in the amount of $65.00 each for service of subpoenas on Mobile County Communications District, Officer Forward, and OnStar for a total of $195.00 (doc. 113-2, p. 2). In support, Plaintiffs provide a copy of the private process server's invoices (doc 113-6). The requested costs are within the statutory and regulatory hourly rate. Accordingly, costs are taxed in the amount of $195.00.

II. <u>Fees for printed or electronically recorded transcripts necessarily obtained for use in the case</u>.

Pursuant to 28 U.S.C. § 1920(2), fees for deposition transcripts are recoverable if the transcripts were "necessarily obtained for use in the case." W&O, Inc., 213 F.3d at 621 (Whether the deposition costs are taxable depends on "whether the deposition was wholly or partially 'necessarily obtained for use in the case.'"). Deposition costs may be taxed even if the use of the deposition was minimal or not critical to the party's ultimate success, unless the losing party shows that the deposition "was not related to an issue present in the case at the time of the deposition." Id. "Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." Id. at 620. Therefore, certain costs related to the deposition transcript may not be recoverable. Nail v. Shipp, 2020 WL 1670459, at *18 ("costs for deposition discs, travel transcripts, PDF/USB bundles, summaries, mini-transcripts, CD/DVD transcripts, electronic transcripts (Etran), ASCII disks, 'synchronization,' etc., are deemed as incurred for the convenience of counsel and are non-recoverable. . . . Additionally, late fees, expedited transcripts, postage, shipping, delivery and handling charges related to the deposition transcripts are non-recoverable as ordinary business expenses.") (citations omitted);

Watson v. Lake City, 492 Fed. Appx. 991, 997 (11th Cir. 2012) (Section "1920 does not authorize recovery of costs for shipment of depositions or costs for binders, tabs, and technical labor.").

Plaintiffs claim costs in the amount of $835.50 for the deposition transcripts for three witnesses – Angela Morton, Austin Foster and Kayla Foster - and Defendant Randy Morton ($737.10), court reporter's appearance fee ($90.00), and postage and handling ($8.40) (doc. 113-2, p. 1; doc. 113-3). Plaintiffs did not explain how these four transcripts were "necessarily obtained for use in the case" (doc 113-1). However, the depositions of three witnesses were read into the record at trial. Defendant Morton's deposition was used at trial during. Thus, it appears that these deposition transcripts were necessarily obtained for use in the case.

The court reporter charged an attendance fee. "[T]he fee for court reporter attendance is a taxable cost." See Computer Program & Systems, Inc. v. Wazu Holdings, Ltd., 2019 WL 1119352, at *14. However, costs for shipping and handling are not recoverable. Nail v. Shipp, 2020 WL 1670459, at *18 ("Additionally, . . . postage, shipping, delivery and handling charges related to the deposition transcripts are non-recoverable as ordinary business expenses."). Accordingly, costs for deposition transcripts and the attendance fee are taxed in the amount of $827.10.

Plaintiffs also seek costs for "printing" and provide a statement of charges in the amount of $50.00 for research, production, and copying of an audio recording by the Mobile County Communications District (doc. 113-5, p. 5). However, this claim for costs seems more appropriately addressed under 28 U.S.C. § 1920(2) as a "fee for an electronically recorded transcript necessarily obtained for use in the case." In that regard, Plaintiffs do not explain how this audio recording was "necessarily obtained for use in the case." Id. The recording is not among the exhibits at trial. The parties did not file motions for summary judgment, such that it may have been used as an exhibit. Accordingly, this cost is not taxed.

Plaintiffs also seek costs for "printing" for Dancel Multimedia's "Preparation of Exhibits for Trial" (doc. 113-2, p. 2). They provide a copy of an invoice in the amount of $156.25 for services described as "MPEGing Dr. Ogden, Dr. Ogden, Dr. Texada", "Timestamping Dr. Ogden, Dr. Ogden, Dr. Texada" and "JT-Document Management, Check Depo to verify they are synced" (doc. 113-5, p. 3).  These fees appear to have been incurred for the use of the depositions of Dr. Ogden and Dr. Texada. Therefore, this claim for costs seems more appropriately addressed under 28 U.S.C. § 1920(2) as fees "for printed or electronically recorded transcripts necessarily obtained for use in the case."

In that regard, "costs for . . . 'synchronization' . . . are deemed as incurred for the convenience of counsel and are non-recoverable." Nail v. Shipp, 2020 WL 1670459, at *18 (collecting cases); See Rodriguez v. Geovera Specialty Ins. Co., 2020 WL 2732337, at *8 (S.D. Fla. May 26, 2020) (declining to tax costs for synchronization, recognizing the district courts' varying decisions on the issue, and that " 'given the Eleventh Circuit's strict adherence to the language of section 1920, it appears likely that the Court would find that an award of such costs is not permitted by the section.'") (quoting Powell v. The Home Depot, U.S.A., Inc., 2010 WL 4116488, at *13 (S.D. Fla. Sept. 14, 2010), report and recommendation adopted, 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010) (citing W&O, Inc., 213 F.3d at 620) (noting that courts may only tax costs as authorized by statute)).  And costs for timestamping are considered as incurred for the convenience of counsel and non-recoverable.  See Mitchell-Proffitt Co. v. Eagle Crest, Inc., 2005 WL 8159671, at *6 (M.D. Fla. Nov. 28, 2005) (sustaining objections to costs of time stamping the deposition video as a technical support charge not allowed under § 1920). Accordingly, these costs are not taxed.

Plaintiffs also seek costs for "printing" and provide a copy of an invoice in the amount of $3,994.61 from Dancel Multimedia for video services (doc. 113-5, p. 4).  These fees appear to have been incurred in connection with preparing the video depositions of Dr. Texada and Dr. Ogden for

trial and playing the video depositions at trial. Therefore, this claim for costs seems more appropriately addressed under 28 U.S.C. § 1920(2) as fees "for printed or electronically recorded transcripts necessarily obtained for use in the case."

Defendant objects to taxation of these costs. As the non-prevailing party, he has the burden to demonstrate that a challenged cost is not taxable. W & 0, Inc., 213 F.3d at 621; Williams-Evans v. Advance Auto Parts, Inc., 2021 WL 1723228, at *2 (S.D. Ga. Apr. 30, 2021). Defendant argues that in Morrison v. Reichhold Chemicals, Inc., 97 F. 3d 460 (11th Cir. 1996), the Court of Appeals for the Eleventh Circuit clarified that the costs for displaying videotaped depositions at trial are not taxable (doc. 114).  In reply, Plaintiffs argue that Morrison "is factually distinct in that it disallowed the cost associated with 'equipment rental' used at trial" but their invoice does not include an equipment rental charge, and therefore, these costs should be taxed (doc. 115, p. 1-2).

The decision in Morrison was not limited to equipment rental costs. In Morrison, the Eleventh Circuit found "nothing in § 1920, the Federal Rules of Civil Procedure, or case law to support the taxation of costs for equipment rental *or fees charged by a videographer for playback of video depositions at trial*" and reversed the district court's decision to tax the "videography costs during trial." Id., at 465-466 (emphasis added).

Plaintiffs' invoice does not contain a specific line-item for equipment rental.  However, the invoice shows charges for "Bm-Technician, Meet with Clients, test equipment at the courthouse, Review videos" , "BM-Technician, trial, meet with clients, Work on items for tomorrow", "BM-Technician, Trial, Breakdown equipment" and charges for the technician's travel, mileage, and meal expenses.  Regardless of whether the equipment subject to "breakdown" was rented, these are videography costs for video depositions at trial.  Plaintiffs did not provide any reason to vary from the Eleventh Circuit's decision.  Accordingly, these costs are not taxed.

Plaintiff Wall seeks fees for the "Trial Deposition Transcript & Video" of Dr. Texada ($1,048.55) and Dr. Ogden ($519.50) (doc. 113-2, p. 4).  Plaintiff Parker seeks fees for the "Trial Deposition Transcript & Video of Dr. Ogden" ($226.15) (doc. 113-2, p. 7). In support, Parker and Walk provide copies of the court reporter's invoice (doc. 113-10; doc. 113-15).

As to Dr. Texada and Dr. Ogden, Defendant argues that Wall and Parker "cannot recover as taxable costs for both the cost of the transcript … and the videotapes of the depositions" (doc. 114, p. 2-3).  Defendant argues that because the invoices do not breakdown the fees, the Court should not tax costs unless Wall and Parker provide this breakdown. Id.  In reply, Wall and Parker argue that the Court should tax costs for the transcripts and the videotapes. In support, they cite Dennis v. Waffle House, Inc., 2006 WL 8431236, at *2-3 (N.D. Ga. May 17, 2006). In Dennis, the district court awarded costs because the notice of deposition indicated the depositions would be recorded by stenographic means and by videotape and the opposing party did not object to the depositions being taken in this manner (doc. 115, p. 3-4).

The notices of deposition for Dr. Texada and Dr. Ogden state that "Plaintiffs will take the video deposition  . . . before an official court reporter" (docs. 61, 62).  Arguably, the notices did not specify that the deposition would be taken by stenographic means and by videotape. As Defendant points out, the invoice regarding Dr. Texada is a "lump-sum" with no breakdown of the fees for the stenographic transcript or the video and the invoices regarding Dr. Ogden does not breakdown the different charges for "1 Original, 1 Condensed Transcript – Expert Video" (doc. 113-10, p. 3; doc. 113-15, p. 2).  Since the Court is without sufficient information as to which portion of these fees were paid for a stenographic transcript or the deposition video, or a condensed transcript (which would be incurred for the convenience of counsel), or other possible non-recoverable costs, these costs are not taxed. Nail v. Shipp, 2020 WL 1670459, at *18 ("cost requests (including deficient invoices) failing to sufficiently describe *what* was billed are not recoverable"); Moore v. Baker,

2020 WL 4928997, at *4 (S.D. Ala. Aug. 21, 2020) (declining taxation of costs where the invoice did not specify the costs for each line item and the Court was unable to determine whether the items were duplicative or if the costs were recoverable).

Wall and Parker seek the costs of their deposition transcripts (doc. 113-2, p. 4; $328.86) (doc. 113-2, p. 7; $351.38). They provide copies of the court reporter's invoices (doc. 113-10, p. 4; (doc. 113-15, p. 3). However, the invoices do not separate the costs for the transcript, services performed, or products provided by the court reporter. Again, since the Court is without sufficient information as to which portion of these fees were paid for a stenographic transcript or attendance fee as opposed to a condensed, mini, or travel transcript (which would be incurred for the convenience of counsel and non-recoverable ), or other possible non-recoverable costs such as postage and handling, these costs are not taxed.

    III. <u>Fees and disbursements for printing and witnesses</u>

Pursuant to 28 U.S.C. § 1920(3), fees and disbursements for printing and witnesses may be taxed as costs. The fee and allowances for witnesses are set by statute, 28 U.S.C. § 1821, which in relevant part, sets forth as follows:

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.
> . . .
>
> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.
>
> (c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance.

> Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.
>
> (2) A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.
>
> (3) Toll charges for toll roads, bridges, tunnels, and ferries, taxicab fares between places of lodging and carrier terminals, and parking fees (upon presentation of a valid parking receipt), shall be paid in full to a witness incurring such expenses.
>
> (4) All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title.

28 U.S.C. § 1821. A witness may also be paid a subsistence allowance if an overnight stay is required. Id. at (d).

    A. Fees for witnesses

Plaintiffs seeks costs for "fees and disbursements" in the amount $1,200.00 for "Dr. Steve Ogden Deposition Fee" and $50.00 for "Officer John A. Forward Trial Witness Fee" (doc. 113-2, p. 1). Plaintiffs provide a copy of the checks drawn on counsels' accounts and payable to the witnesses (doc. 113-4). Plaintiff Wall seeks costs in the amount $1,500.00 for "Dr. Richard Texada Deposition Fee" and $600.00 for "Deposition Conference with Dr. Richard Texada" (doc. 113-2, p. 4). She provides a copy of a letter to counsel from Paradigm Health System and two checks drawn on counsel's accounts and payable to Paradigm (doc. 113-11).

By statute and case law, the fee for a witness is limited to $40.00 per day. 28 U.S.C. § 1821(b); Glenn v. General Motors Corp., 841 F.2d 1567, 1574, n. 19 (11th Cir. 1988) (noting the maximum amount recoverable for witness fees is set in Section 1821); see also Kivi v. Nationwide Mut. Ins. Co., 695 F.2d 1285, 1289 (11th Cir. 1983) (in a diversity action, "it is well settled that

expert fees cannot be assessed in excess of witness fees provided in § 1821."). Costs for certain expenses incurred by the witness may be taxable under 28 U.S.C. § 1821(c) or (d).

The Court is aware that Dr. Texada and Dr. Ogden attended a deposition for at least one day because the depositions were used at trial. As to Officer Forward, the Court may independently verify that he testified at trial on one day. In a separate section of the Bill of Costs, Plaintiffs indicate that a subpoena was served upon Officer Forward. Under the Federal rules, serving a subpoena requires "tendering the fees for 1 day's attendance and the mileage allowed by law" Fed. R. Civ. P. 45(b)(1). Apparently, the $10.00 in excess of the $40.00 fee was for mileage. Accordingly, costs are taxed in the amount of $40.00 as to Dr. Texada, $40.00 as to Dr. Ogden, and $50.00 as to Officer Forward.

However, Plaintiffs did not provide the Court with any invoice from Dr. Texada or Dr. Ogden, receipts for travel on common carriers or tolls, mileage calculations, or lodging, to verify that some portion of the payments to these witnesses were for expenses which may be taxed as costs pursuant to § 1821(c) and (d). Accordingly, costs in excess of $80.00, are not taxed as to Dr. Texada and Dr. Ogden. See Robles v. GEICO Indemnity Co., 2021 WL 963571, at *3 (M.D. Fla. Feb. 19, 2021), report and recommendation adopted, 2021 WL 951248 (M.D. Fla. Mar. 12, 2021) ("A party's failure to provide sufficient detail or documentation for the costs can be grounds to deny the costs.") (citation omitted).

B. Fees for printing

Pursuant to 28 U.S.C. § 1920(3), fees and disbursements for printing may be taxed as costs. Plaintiffs seek $17.00 for printing the "Alabama Department of Safety Crash Report" (doc. 113-2, p. 2). In support, Plaintiffs provide a copy of the receipt for purchase of the crash report from Alabama Law Enforcement (doc. 113-2, p. 2; doc. 113-5, p. 2). A diagram from the "Mobile Police

Department Alabama Uniform Crash Report" was admitted into evidence. Accordingly, costs are taxed in the amount of $17.00.

Plaintiffs Wall and Parker seek costs for "printing" medical records and records from the Mobile Fire and Rescue in the total amount of $762.27 and $514.10, respectively (doc. 113-2, p. 4, p. 7). Citing 28 U.S.C. § 1920(4), Defendant objects to taxation of these costs as "copying" costs for copies that were not necessarily obtained for use in the case. Defendant argues that Plaintiffs did not seek to recover medical expenses at trial and did not introduce any of the medical records into evidence; therefore, these copies were not necessarily obtained for use in the case (doc. 114, p. 3-4). In reply, Plaintiffs argue that the case upon which Defendant relies actually supports their request for taxation of these cost because the court in that case taxed the costs of copying medical records pursuant to § 1920(4) (doc. 115, p. 5).

Defendant cites to January v. Outokumpo Stainless USA, LLC, 2016 WL 6134537 (S.D. Ala. Oct. 19, 2016). In that case, "Plaintiff did not allege damages in his complaint that would require medical records." Id., at *3. However, the district court awarded costs to Defendant for medical records because "Defendant offers a transcript excerpt of Plaintiff's counsel conceding that there were records from Dr. Thomas Lane pertaining in some manner to Plaintiff's claim, which were not produced in response to Defendant's discovery request." Id. at *3.

In this action, Parker and Wall initially sought damages for "past, present, and future medical expenses for the treatment of their injuries" (doc. 1, p. 4). However, in their joint pre-trial document, the parties agreed that Plaintiffs were "not seeking to recover[] any medical expenses as part of their damages in this case." (doc. 89, p. 9). Thus, early in this litigation, Plaintiffs did seek recovery of their medical expenses. Moreover, the records of the Mobile Fire-Rescue Department were admitted into evidence as were certain portions of some of the medical records. Arguably,

obtaining certified copies of their medical records would have been necessarily obtained for use in the case. Therefore, the Court finds that costs of printing or copying should be taxed to Defendant.

Review of the invoices shows that a per-page fee of approximately $1.00 was generally paid for the actual copies. However, the bulk of the fees were paid for processing, retrieval, and research,[1] with some expenses incurred for certifications, while mailing, shipping or sales tax composed a de minimus part. Some of the invoices were flat fees without a breakdown as to what portion of the invoice was for copies as opposed to other fees. In view thereof, costs are taxed in the amount of $600.00 to offset certain non-recoverable costs. See W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000) ("[p]hotocopying costs may be recovered even though the underlying document was not admitted at trial[ ]"); CPSI v. Wazu, 2019 WL 1119352, at *16 (taxing costs for certified copies); Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC, 2013 WL 6145533, at *6 (M.D. Fla. Nov. 21, 2013) (finding that charges for research or retrieval of documents or fees for postage were non-taxable). Bond Safeguard Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA., , 2015 WL 12835944, at *4 (M.D. Fla. Mar. 6, 2015) (denying costs for "administrative, research, and retrieval fees").

IV. Travel for depositions

Plaintiffs seek costs for counsel's travel to Missouri for deposition of Defendant and three witnesses ($1,351.59) and to Georgia for Plaintiffs' depositions ($396.21) (doc. 113-2, p. 3). Plaintiffs provide copies of documentation for airfare, car rental, hotel, airport parking, and fuel (doc. 113-8, doc. 113-9). Plaintiff Wall seeks costs for counsel's travel to Louisiana ($180.42) for Dr. Texada's deposition and to Georgia ($605.28) for Wall's deposition (doc. 113-2, p. 5-2). She

---

[1] For example, Chatham Orthopedic charged a processing fee of $25.88 while the fee for copies was $3.88 and Paradigm Health System charged a service fee of $25.00 while the fee for copies was $16.00.

provides a copy of the summary of charges for counsel's hotel in Louisiana (doc. 113-13) and copies of invoices for airfare, hotel, and taxi for the deposition in Georgia (doc. 113-14).  Plaintiff Parker seeks costs for counsel's travel to Georgia ($490.56) for her deposition (doc. 113-2, p. 8).  She provides a copy of counsel's invoices for airfare and hotel (doc. 113-17).  However, this Court has previously determined that "none of these costs are awardable under Section 1920." Nail v. Shipp, 2020 WL 1670459, at *12 (denying costs for plaintiffs' counsel's travel expenses) (collecting cases).  Accordingly, these costs are not taxed.

    V. Conclusion

Upon consideration, and for the reasons set forth herein, the motion is GRANTED IN PART and DENIED IN PART, and costs are taxed as follows:

$400.00 for fees of the clerk;

$195.00 for fees of the marshal;

$827.10 for costs of deposition transcripts and the attendance fee;

$130.00 for witness fees;

$17.00 for costs for printing;

$600.00 for costs for printing and copying;

$2,169.10


DONE and ORDERED this the 8th day of June 2021.

                                  /s/ Kristi K. DuBose  
                                  **KRISTI K. DuBOSE**  
                                  **CHIEF UNITED STATES DISTRICT JUDGE**